## Sugarman et al. v. City of Hazleton

*Cletus M. Lyman, Israel T. Klapper* and *Laputka, Bayless, Ecker & Cohn,* for plaintiffs.

*John H. Bigelow,* for defendant.

APONICK, J., May 7, 1954.—This is on preliminary objections to a complaint in equity.

The City of Hazleton, defendant, adopted an ordinance on December 5, 1953, purporting to license, among other business activities, junk yards, fuel sales and deliveries, and the installation of oil burners. The Adelson and Hazleton Waste Material Companies operated junk yards; the James Realty Company owns

buildings in which oil burners are to be installed, and Matyas and Brazzo sell and deliver fuel. All seek to enjoin enforcement of the ordinance which they attack as being "unconstitutional, invalid and void" for some 10 specified reasons.

Defendant's preliminary objections raise a question of alleged misjoinder of plaintiffs. The objections are not well taken and will be dismissed.

In the first place, we are not satisfied that there is a violation of Pa. R. C. P. 2229(a) governing permissive joinder of plaintiffs. Though the claims of the respective plaintiffs may be separate or several, they certainly arise "out of the same transaction, occurrence, or series of transactions or occurrences." Nor can it be said that there is "any common question of law or fact affecting the rights to relief of all such persons." The complaint charges that the ordinance "Was enacted solely or substantially or primarily for the purpose of raising revenue." It also charges that the ordinance was not within defendant's police powers; that plaintiffs and others are being discriminated against; that there is lacking the uniformity required by the Constitution; and that there has not been compliance with the enabling statute.

It is true that a license fee must be reasonable, based upon the cost to the city of inspecting and regulating the particular business. Since the kind and cost of inspecting junk yards will likely differ from the kind and cost of inspecting fuel sales and deliveries or installation of oil burners, it will probably be necessary to produce testimony bearing on these various businesses. It may even be necessary to make separate findings as to the cost of inspecting each business to determine the reasonableness of the fee in each instance. We see no great difficulty in this but if, after answer is filed, it appears that a single trial would not be feasible or convenient the court has ample power to

order a severance. (See Pa. R. C. P. 213(b).) As Goodrich-Amram, sec. 2232(b)-1 states (page 89):

"If the person who has been misjoined could have sued or been sued in a separate action the court will not order his being dropped from the record. In such case the proper practice is to direct a severance of issues so that the original action and a severed action to which the misjoined person is a party may continue."

The instant preliminary objections must be dismissed for a more immediate reason: The question of misjoinder of parties may not be raised by preliminary objection inasmuch as it is not within the items enumerated in subparagraphs (1) to (5) of rule 1017(b). Rule 1509(a), governing equity, provides: "Preliminary objections authorized by Rule 1017(b) are available to any party." Rule 1017(b) specifically limits preliminary objections to subparagraphs (1) to (5). Goodrich-Amram, sec. 1017(b)-2, states (page 56):

"Items which do not fall within the groups listed in Rule 1017(b) (1) to (5) cannot be raised by preliminary objection. These five subparagraphs state the extent to which this procedure is 'limited.' Anything outside the group must be raised in some other manner."

Nowhere in rule 1017(b) is misjoinder of parties mentioned. Anderson, Pa. Civil Practice, vol. 4, page 325, states:

"The only remedy for the defendant in the case of the misjoinder of the plaintiffs under Rule 2229(a) is to file a petition for severance of plaintiffs. Since the defect is not treated as a misjoinder of causes of action, the defendant cannot file a preliminary objection raising the objection. If he is served with a complaint endorsed with a notice to plead, he must do so within the time stated, even though he files a petition for severance on the ground of misjoinder of plaintiffs.

The filing of a petition for severance does not interrupt this duty of the defendant to plead unless a stay order has been entered by the Court.".

Accordingly, defendant's preliminary objections to complaint are dismissed and defendant is given 20 days in which to file an answer.